IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN STEWART, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1379 |
| | : | |
| CODY L. WADE, *et al.* | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHILLER, J.**                                                                                                 **AUGUST 9, 2022**

      Plaintiff Ian Stewart, a prisoner currently housed at Lancaster County Prison, filed this civil rights action *pro se* naming as Defendants Cody L. Wade (identified in the Complaint as a Lancaster County District Attorney), Thomas Ziegler (identified as Lancaster County Drug Task Force), Sara McMullen (identified as a "PA state probation/parole agent"), and Damien Mscisz (identified as a "PA state probation/parole agent"). Stewart seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Stewart leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

      The allegations in Stewart's Complaint are brief. Stewart avers that on September 11, 2020, the Defendants[1] came into his home without a warrant, and without reasonable suspicion or probable cause that he was in violation of his parole. (Compl. (ECF No. 2) at 4-5.)[2] Stewart

---

[1] In one section of his Complaint, Stewart specifically asserts that Agent Sara McMullin and Damien Mscisz were the named Defendants who searched his residence. There are no specific references to any of the other named Defendants. (Compl. at 4.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

also asserts that an affidavit of probable cause was not signed off by a magistrate judge and was "tampered with." (*Id.* at 5.)

Stewart asserts violations of the Fourth and Fourteenth Amendments to the United States Constitution[3] as well as violations of Article One, Sections Eight and Nine, of the Pennsylvania Constitution. (*Id.* at 3.) Stewart seeks monetary damages in the amount of "$900,000 for punitive damages, intentional infliction of emotional distress, false imprisonment, and negligence for the nearly 600 days [he's] been in jail." (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Stewart leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Stewart's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] Stewart also refers to the Fifth and Sixth Amendment in his Complaint. (Compl. at 3.) To the extent he is raising claims under these amendments, his claims fail. The Fifth Amendment is inapplicable because none of the Defendants appear to be federal officials. *See Santos v. Secretary of D.H.S.*, 532 Fed. Appx. 29, 33 (3d Cir. 2013) (citing *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005)). Nor can the Court discern any plausible basis for a Sixth Amendment claim here.

[4] Stewart has set forth the steps taken to secure his prisoner account statement. (ECF Nos. 1 & 5). Although he has not been able to obtain a certified copy of his prisoner account statement for the time period from October 6, 2021 through April 6, 2022, this Court finds that Stewart has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter. Because Stewart is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

(quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Stewart is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

The Court understands Stewart to be asserting claims for money damages based on an allegedly warrantless search of his residence by Defendants McMullen and Mscisz while he was on parole. (Compl. at 4.) Because Stewart concedes he was on parole when this incident occurred, his claims are not plausible.

"A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987). Parolees and probationers, however, "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" *Id.* at 874 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). By virtue of a parolee's status, the law affords the state a "degree of infringement upon privacy that would not be constitutional if applied to the public at large." *Id.* at 875. For example, the warrant requirement has been found by the United States Supreme Court to "interfere with the probation system by delaying investigations into suspected violations and effectively establishing a magistrate, rather than a probation officer, as the probationer's supervisor." *Id*. at 876. The probable cause requirement has also been found to "unduly disrupt the probation regime by restricting a probation officer's ability to supervise a probationer." *Id*. at 878-89.

Because of this, the United States Court of Appeals for the Third Circuit has determined that, in Pennsylvania, parole officers may conduct warrantless searches of a parolee's property based merely on reasonable suspicion. *U.S. v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007). Specifically, a warrantless search of a parolee's property is authorized "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id.* (citing 61 Pa. Cons. Stat. Ann. § 331.27b(d)(2) (repealed, now § 6182)). Whether reasonable suspicion exists where the officer has a "particularized and objective basis for suspecting legal wrongdoing." *Id.* (citing *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005)). Also, the parolee may be detained during the search. 61 Pa. Cons. Stat. Ann. § 6182(d)(3).

Stewart fails to plausibly allege that the parole officials lacked a reasonable suspicion to conduct the search of his residence.  He does not describe any of the events giving rise to the search, the basis upon which he was charged with violating his probation, or articulate any facts from which the Court could infer that reasonable suspicion was lacking.  Rather, he relies entirely on conclusory allegations that the search was unlawful.  Accordingly, his illegal search claim is not plausible.  Furthermore, it is not clear from the Complaint how Defendants Wade and Ziegler were personally involved in the search any other events that allegedly violated Stewart's rights.  However, because the Court cannot say at this time that Stewart can never assert a lack of reasonable suspicion, and which Defendants were personally responsible for the violation, he will be permitted the opportunity to amend his pleading if he can cure these defects.

Moreover, Stewart should be mindful that to the extent he seeks to bring claims against Wade, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence.  *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  Accordingly, to the extent Stewart intends to bring claims against Wade for prosecuting him based on the events of September 11, 2020, which is

unclear at this time, any claims would be barred by absolute prosecutorial immunity. *See Commonwealth v. Stewart*, CP-36-CR-0004311-2020 (C.P. Lancaster).[5]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Stewart leave to proceed *in forma pauperis* and dismiss his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Stewart claims under the Pennsylvania Constitution are dismissed with prejudice. Stewart's claims for money damages arising from the allegedly illegal search are dismissed without prejudice. Stewart may file an amended complaint if he is capable of curing the defects the Court has identified in his claim for money damages arising from the allegedly illegal search, namely by (1) identifying which individuals were personally responsible for the alleged violation, (2) describing circumstances that plausibly demonstrate a lack of reasonable suspicion to conduct the search, and (3) providing details of his current parole/probation status, including an identification of the state court criminal case under which his parole/probation was imposed.

An appropriate order follows.

---

[5] Stewart also purports to bring claims under the Pennsylvania Constitution. However, as there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed as legally frivolous. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").