IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN STEWART,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-1379** |
| | : | |
| **THOMAS ZIEGLER,** *et al.* | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 27th day of October, 2022, upon consideration of Plaintiff Ian Stewart's Amended Complaint (ECF No. 8) it is **ORDERED** that:

1. For the reasons discussed in the Court's Memorandum, Stewart's Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as follows:

    a. All official capacity claims against Sara McMullen, Damien Mscisz, Agent Probst, and all of Stewart's claims against Dennis E. Reinaker are **DISMISSED WITH PREJUDICE**.

    b. Stewart's claims challenging the search of his residence are **DISMISSED WITH PREJUDICE**.

    c. The official capacity claims against Thomas Ziegler are **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is **DIRECTED** to terminate Dennis E. Reinaker and Thomas Ziegler as Defendants.

3. Stewart's remaining excessive force claims against Defendants McMullen, Mscisz, and Probst will be served for a responsive pleading.

4.      The Clerk of Court shall issue summonses to Defendants Sara McMullen, Damien Mscisz, and Agent Probst so that Stewart can proceed on his excessive force claims against those Defendants.  Service of the summonses and the Amended Complaint, along with a copy of this Order and accompanying Memorandum, shall be made upon the Defendants by the U.S. Marshals Service.  Stewart will be required to complete USM-285 forms so that the Marshals can serve the Defendants.  Failure to complete those forms may result in dismissal of this case.

5.      All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
> _____
>   (Signature)"

6.      Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Stewart is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

7.      Stewart is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing

discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Stewart shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

8. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

9. In the event a summons is returned unexecuted, it is Stewart's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

10. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

_____
**BERLE M. SCHILLER, J.**